IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS L. HUDSON,

    Plaintiff,                        No. CIV S-06-0100 MCE DAD P

    vs.

TOM L. CAREY, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff's initial filing was not accompanied by the required filing fee or an application to proceed in forma pauperis. In response to the court's January 23, 2006 order, plaintiff filed an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). The application to proceed in forma pauperis filed on February 3, 2006, will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 applicable to cases filed prior to April 10, 2006. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff was without funds and had been without funds for six months prior to the date on which he brought this

action. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to his trust account. Payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's trust account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). At screening, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the complaint in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff filed a three-page § 1983 form complaint with 298 pages of attachments. On the third page of the form complaint, plaintiff identifies three defendants: Tom L. Carey, warden of CSP - Solano; Dr. Traquina; and Dr. McIntyre. Plaintiff has not set forth a statement of claim on the form but instead refers to "attach sheets - plaintiff's motion for preliminary injunction, etc." Similarly, plaintiff has not stated a request for relief on the form but instead refers to "attach sheets." The form complaint is followed by a two-page motion for preliminary injunction, a nine-page memorandum of law in support of the motion for preliminary injunction, and 287 pages of exhibits.

In federal court, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The complaint

> shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a). Each allegation of the complaint "shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

In contrast, a motion is an application to the court for an order. Fed. R. Civ. P. 7(b)(1). A motion in federal court "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Id. A motion is not a pleading. Fed. R. Civ. P. 7(a). Motions must be separately filed in compliance with applicable rules. See Local Rule 78-230. Motions for injunctive relief are subject to special requirements. See Local Rule 65-231.

Here, the action has not been properly commenced. Plaintiff has not filed a complaint that presents a short and plain statement of claims against the three named defendants. Plaintiff's voluminous filing is devoid of simple, concise, and direct allegations against the defendants and equally devoid of a plain statement of the relief sought in this action.[1] Neither a conclusory motion for preliminary injunction nor hundreds of pages of exhibits can be substituted for the required statement of claims and prayer for relief. Plaintiff's improperly attached motion cannot be considered in the absence of a proper pleading that states cognizable claims against the defendants.

/////

---

[1] Plaintiff's motion for preliminary injunction sheds no light on plaintiff's claims. Plaintiff asserts that for more than two and a half years defendants have denied plaintiff and other inmates access to medical care at CSP-Solano. Plaintiff seeks an order requiring defendants and everyone acting in concert with them to provide him "with immediate and comprehensive medical care as he would receive if he were free to seek it on his own." (Compl., Attached Mot. at 2.) Plaintiff contends that there is a reasonable likelihood that he will prevail on his claims in this action, but the court is left to guess what those claims are.

1    Because plaintiff has not filed a proper complaint, the court is unable to determine
2 whether this action can proceed against any defendant. Although the Federal Rules of Civil
3 Procedure adopt a flexible pleading policy, a complaint must give fair notice to the defendants
4 and must allege facts that state the elements of each claim against each defendant plainly and
5 succinctly. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). A
6 complaint must allege the specific acts or omissions by each defendant that support the claims
7 alleged by the plaintiff. See id.

8    Because plaintiff has failed to comply with the requirements of Rules 3, 7, and 8
9 of the Federal Rules of Civil Procedure, the complaint filed on January 17, 2006, must be
10 dismissed. The court will, however, grant leave to file an amended complaint.

11    In his amended complaint, plaintiff must provide a short and plain statement of
12 his claims against the defendants. Each allegation against a defendant "shall be simple, concise,
13 and direct," and the allegations must demonstrate how the acts complained of resulted in a
14 deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The
15 amended complaint must allege in specific terms how each named defendant was involved in the
16 alleged deprivation of rights. There can be no liability under 42 U.S.C. § 1983 unless there is an
17 affirmative link between the defendant's actions and the claimed deprivation. See Rizzo v.
18 Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
19 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20    Plaintiff's amended complaint must be submitted on a form complaint and must
21 be complete in itself without reference to the prior pleading. See Local Rule 15-220. The
22 amended complaint will supersede the prior complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th
23 Cir. 1967). The original pleading will no longer serve any function in the case. In the amended
24 complaint, as if it were the first complaint filed in this action, every defendant must be named in
25 the caption, and each claim and the involvement of each defendant must be sufficiently alleged.
26 Plaintiff is advised that evidentiary material is not required at the pleading stage.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's February 3, 2006 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend, and the motion attached to the complaint is denied as premature.

4. Plaintiff is granted thirty days from the date of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and this order; the amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint that complies with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: November 15, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
huds0100.14a